# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY ESTHER EMBERSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | CASE NO.: 1:16-cv-01587-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Penny Esther Emberson's ("Plaintiff" or "claimant") complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding her applications for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 8.)

On November 2, 2017, a hearing was held, at which the Court heard from the parties. Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

For the reasons announced by the Court on the record at the conclusion of the parties' oral argument on November 2, 2017, the Court finds that the decision of the Commissioner of Social Security should be reversed and the case should be remanded for further proceedings.

1

The Administrative Law Judge ("ALJ") erred by failing to provide specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physician. "[T]his circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *as amended* (Apr. 9, 1996). Generally, the opinion of treating physicians should be afforded greater weight than that of both examining physicians and nonexamining physicians. *Lester*, 81 F.3d at 830. In turn, the opinion of examining physicians should be afforded greater weight than that of nonexamining physicians. *Lester*, 81 F.3d at 830.

An ALJ "must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830 (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citing *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir.1986)).

Here, Plaintiff's treating physician, Pushpalatha Arakere, MD, submitted a check-the-box physical medical source statement. She stated that she treated Plaintiff from June 2012 to July 2013, and that Plaintiff appeared chronically ill and visibly fatigued. AR 449. *Id.* She opined that Plaintiff could lift/carry 10 pounds frequently and 10 pounds occasionally, stand/walk 2-4 hours, walk less than 1 block, and sit for less than 2-3 hours in an 8 hour day. *Id.* Dr. Arakere cited Plaintiff's visible fatigue in support of the limitations. AR 450. The ALJ gave Dr. Arakere's opinion less than controlling weight. AR 14. The ALJ reasoned, "I give partial weight to this opinion because it is not supported with the relevant evidence. Dr. Arakere's opinion is more restrictive than the claimant hearing testimony where she testified she could lift 15 pounds and could alternate between sitting and standing in 1-hour increments." *Id.*

The Court finds that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting the opinion of Plaintiff's treating physician. First, the ALJ's finding that Dr. Arakere's opinion is more restrictive than Plaintiff's testimony is not supported by substantial evidence in the record. A conflict between a claimant's testimony and the opinion of a physician may serve as substantial evidence to discredit a physician's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). The ALJ, however, manufactured a conflict between Plaintiff's testimony and the opinion of Dr. Arakere. At the administrative hearing, the ALJ asked Plaintiff, "if you can't lift 20 pounds can you lift 15 or can you lift 10." AR 55. Plaintiff responded that she "could lift 10, 15." *Id.* Later, when asked whether she could lift 10 to 15 pounds throughout an eight-hour workday, Plaintiff responded that she "wouldn't be able to take the pain." AR 59. Plaintiff gave an estimate of her capability, and later qualified it with further limitations.

This testimony does not conflict with, and is not more restrictive than, Dr. Arakere's opinion that Plaintiff could lift/carry 10 pounds frequently and 10 pounds occasionally in an eight-hour workday. Similarly, Plaintiff testified that she can sit for an hour before needing to get up to stretch and walk around. AR 53-54. Plaintiff also testified that after standing for an hour she would need to sit down or change positions. AR 54. Plaintiff did not testify that she could "alternate between sitting and standing in 1-hour increments." AR 14. Dr. Arakere's opinion also did not state that Plaintiff would be unable to periodically alternate between sitting and standing. AR 449-50. Thus, the Court does not find that substantial evidence supports the ALJ's conclusion that Dr. Arakere's opinion was more restrictive than Plaintiff's testimony regarding her limitations.

Second, the ALJ's finding that Dr. Arakere's opinion was not supported by the relevant evidence lacks sufficient specificity. *See Embrey v. Bowen*, 849 F. 2d 418, 421-422 (9th Cir. 1988); *see e.g. Belanger v. Berryhill*, 685 F. App'x 596, 598 (9th Cir. 2017) (finding that an ALJ's reason for giving a physician's opinion less than controlling weight was insufficient where the ALJ stated that the opinion was inconsistent with the records as a whole). The ALJ fails to explain which aspects of Dr. Arakere's opinion were inconsistent with the record and fails to

identify such inconsistencies in the record.

Defendant argues that *Tommasetti v. Astrue*, 533 F.3d 1035 (9th Cir. 2008) is controlling in this matter. In *Tommasetti* the court found that the ALJ properly rejected a treating physician's opinion as a rehashing of claimant's own statements, which the ALJ discredited. *Tommasetti*, 533 F.3d at 1041. Defendant argues that the ALJ rejected Dr. Arakere's opinion as it relied on Plaintiff's discredited subjective complaints of fatigue. However, the ALJ does not give such reasoning, and the Court cannot now inject such reasoning into the record. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). Moreover, Dr. Arakere's opinion is not based on Plaintiff's subjective complaint, but on her visual analysis of Plaintiff's condition. AR 499-450. Defendant also argues that under *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), the Court should affirm the ALJ's determination. In *Magallanes*, the court found, "To the extent that [non-treating physicians'] conflicting opinion rested on independent, objective findings, those opinions could constitute substantial evidence" in rejecting a treating physician's opinion. 881 F.2d at 753. In this case, however, no non-treating physician made independent, objective findings regarding the effects of fatigue on Plaintiff's ability to perform sustained work activities on a regular and continuing basis. Moreover, the ALJ did not cite this as a reason for his determination, and the Court cannot now make guesses as to which medical evidence the ALJ found contradicted Dr. Arakere's opinion. *See Bray*, 554 F.3d at 1225.

Because the Court cannot confidently conclude that no reasonable ALJ, when fully crediting the testimony, would have reached a different disability determination, the ALJ's error was not harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) ("[A] reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."). Furthermore, there are outstanding issues concerning whether, as the Vocational Expert testified, Plaintiff would be able to do work on a regular and continuing basis when

considering the limitation identified by Dr. Arakere.

On remand, the ALJ shall re-consider its assessment of the treating physician's opinion and articulate specific and legitimate findings supported by substantial evidence in the record in evaluating the weight that should be afforded the opinion.

Accordingly, the Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security and the case is remanded to the Social Security Administration for further proceeding. The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff and against Defendant Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **November 8, 2017**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE